# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust | CIVIL ACTION NO: |
| Plaintiff | COMPLAINT |
| vs. | RE:<br>259 Valley Road, North Berwick, ME 03906 |
| Thomas A. True<br><br>Defendant | Mortgage:<br>March 24, 2009<br>Book 15605, Page 157 |

NOW COMES the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, by and through its attorneys, Doonan, Graves & Longoria, LLC, and hereby complains against the Defendant, Thomas A. True, as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant 28 U.S.C. § 1332(a)(1) (Diversity) because the Plaintiff and Defendant are citizens of different states and the matter in controversy exceeds the sum or value of seventy-five thousand and 00/100 ($75,000.00) dollars, exclusive of interest and costs. Any Court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought under 28 U.S.C. § 2201.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the object of this litigation is a Note executed under seal currently owned and held by U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, in which the Defendant,

Thomas A. True, is the obligor and the total amount owed under the terms of the Note is Three Hundred Forty-Two Thousand Nine Hundred Forty-Six and 32/100 ($342,946.32) Dollars, plus attorney fees and costs associated with the instant action; thus, the amount in controversy exceeds the jurisdictional threshold of seventy-five thousand ($75,000.00) dollars.

3. Venue is properly exercised pursuant to 28 U.S.C. §1391(b)(2) insofar as all or a substantial portion of the events that give rise to the Plaintiff's claims transpired in Maine and the property is located in Maine.

## PARTIES

4. U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust is a corporation organized under the laws of the State of Ohio, with its principal place of business located at 13801 Wireless Way, Oklahoma City, OK 73134.

5. The Defendant, Thomas A. True, is a resident of North Berwick, County of York and State of Maine.

## FACTS

6. On July 24, 2008, by virtue of a Warranty Deed from Jill M. True, which is recorded in the York County Registry of Deeds in **Book 15470, Page 1000**, the property situated at 259 Valley Road, County of York, and State of Maine, was conveyed to the Defendant, Thomas A. True, being more particularly described by the attached legal description. *See* Exhibit A (a true and correct copy of the legal description is attached hereto and incorporated herein).

7. On March 24, 2009, the Defendant, Thomas A. True, executed and delivered to Sidus Financial, LLC a certain Note in the amount of $202,000.00. *See* Exhibit B (a true and correct copy of the Note is attached hereto and incorporated herein).

8. To secure said Note, on March 24, 2009, the Defendant executed a Mortgage Deed in favor of Mortgage Electronic Registration Systems, Inc., as nominee for Sidus Financial, LLC, securing the property located at 259 Valley Road, North Berwick, ME 03906 which Mortgage Deed is recorded in the York County Registry of Deeds in **Book 15605**, **Page 157**. *See* Exhibit C (a true and correct copy of the Mortgage is attached hereto and incorporated herein).

9. The Mortgage was then assigned to GMAC Mortgage, LLC by virtue of an Assignment of Mortgage dated March 30, 2010 and recorded in the York County Registry of Deeds in **Book 15856**, **Page 523**. *See* Exhibit D (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

10. The Mortgage was then assigned to Ocwen Loan Servicing, LLC by virtue of an Assignment of Mortgage dated February 11, 2014 and recorded in the York County Registry of Deeds in **Book 16777**, **Page 496**. *See* Exhibit E (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

11. The Mortgage was then assigned to U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust by virtue of an Assignment of Mortgage dated July 13, 2016 and recorded in the York County Registry of Deeds in **Book 17282**, **Page 335**. *See* Exhibit F (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

12. The Mortgage was further assigned to U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust by virtue of a Quitclaim Assignment dated June 1, 2018 and recorded in the York County Registry of Deeds in **Book 17784**, **Page 535**. *See* Exhibit G (a true and correct copy of the Quitclaim Assignment is attached hereto and incorporated herein).

13. On January 17, 2019, the Defendant, Thomas A. True, was sent a Notice of Mortgagor's Right to Cure, as evidenced by the Certificate of Mailing (herein after referred to as the "Demand Letter"). *See* Exhibit H (a true and correct copy of the Demand Letter is attached hereto and incorporated herein).

14. The Demand Letter informed the Defendant, Thomas A. True, of the payment due date, the total amount necessary to cure the default, and the deadline by which the default must be cured, which was thirty-five (35) days from receipt of the Demand Letter. *See* Exhibit H.

15. The Defendant, Thomas A. True, failed to cure the default prior to the expiration of the Demand Letter.

16. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is the present holder of the Note pursuant to endorsement by the previous holder (if applicable), payment of value and physical possession of the Note in conformity with 11 M.R.S. § 3-1201, et seq., 10 M.R.S. § 9416, and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929).

17. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is the lawful holder and owner of the Note and Mortgage.

18. The total debt owed under the Note and Mortgage as of March 25, 2019 is Three Hundred Forty-Two Thousand Nine Hundred Forty-Six and 32/100 ($342,946.32) Dollars, which includes:

| Description | Amount |
| --- | --- |
| Principal Balance | $200,466.90 |
| Interest | $105,986.73 |
| Escrow/Impound Required | $28,173.16 |
| Late Fees | $7,383.78 |
| Total Advances | $935.75 |
| Grand Total | $342,946.32 |

19. Upon information and belief, the Defendant, Thomas A. True, is presently in possession of the subject property originally secured by the Mortgage.

## COUNT I – FORECLOSURE

20. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, repeats and re-alleges paragraphs 1 through 19 as if fully set forth herein.

21. This is an action for foreclosure respecting a real estate related Mortgage and title located at 259 Valley Road, North Berwick, County of York, and State of Maine. *See* Exhibit A.

22. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is the holder of the Note referenced in Paragraph 7 pursuant to endorsement by the previous holder (if applicable) and physical possession of the aforesaid Note in conformity with Title 11, section 3-1201, et seq. of the Maine Revised Statutes and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929). As such, Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, has the right to foreclosure upon the subject property.

23. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is the current owner and investor of the aforesaid Mortgage and Note.

24. The Defendant, Thomas A. True, is presently in default on said Mortgage and Note, having failed to make the monthly payment due December 1, 2009, and all subsequent payments, and, therefore, has breached the condition of the aforesaid Mortgage and Note.

25. The total debt owed under the Note and Mortgage as of March 25, 2019 is Three Hundred Forty-Two Thousand Nine Hundred Forty-Six and 32/100 ($342,946.32) Dollars, which includes:

| Description | Amount |
| --- | --- |
| Principal Balance | $200,466.90 |
| Interest | $105,986.73 |
| Escrow/Impound Required | $28,173.16 |
| Late Fees | $7,383.78 |
| Total Advances | $935.75 |
| Grand Total | $342,946.32 |

26. The record established through the York County Registry of Deeds indicates that there are no public utility easements recorded subsequent to the Mortgage and prior to the commencement of these proceedings affecting the mortgaged premises at issue herein.

27. By virtue of the Defendant's breach of condition, the Plaintiff hereby demands a foreclosure on said real estate.

28. Notice in conformity with 14 M.R.S.A. §6111 was sent to the Defendant, Thomas A. True, on January 17, 2019, evidenced by the Certificate of Mailing.. *See* Exhibit H.

29. The Defendant, Thomas A. True, is not in the Military as evidenced by the attached Exhibit I.

## COUNT II – BREACH OF NOTE

30. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, repeats and re-alleges paragraphs 1 through 29 as if fully set forth herein.

31. On March 24, 2009, the Defendant, Thomas A. True, executed and delivered to Sidus Financial, LLC a certain Note in the amount of $202,000.00. *See* Exhibit B.

32. The Defendant, Thomas A. True, is in default for failure to properly tender the December 1, 2009 payment and all subsequent payments. *See* Exhibit H.

33. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is the proper holder of the Note and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendant, Thomas A. True.

34. The Defendant, Thomas A. True, having failed to comply with the terms of the Note and Mortgage, is in breach of both the Note and the Mortgage.

35. The Defendant Thomas A. True's breach is knowing, willful, and continuing.

36. The Defendant Thomas A. True's breach has caused Plaintiff U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

37. The total debt owed under the Note and Mortgage as of March 25, 2019, if no payments are made, is Three Hundred Forty-Two Thousand Nine Hundred Forty-Six and 32/100 ($342,946.32) Dollars, which includes:

| Description | Amount |
| --- | --- |
| Principal Balance | $200,466.90 |
| Interest | $105,986.73 |
| Escrow/Impound Required | $28,173.16 |
| Late Fees | $7,383.78 |
| Total Advances | $935.75 |
| Grand Total | $342,946.32 |

38. Injustice can only be avoided by awarding damages for the total amount owed under the Note including interest, plus costs and expenses, including attorney fees.

## COUNT III – BREACH OF CONTRACT, MONEY HAD AND RECEIVED

39. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, repeats and re-alleges paragraphs 1 through 38 as if fully set forth herein.

40. By executing, under seal, and delivering the Note, the Defendant, Thomas A. True, entered into a written contract with Sidus Financial, LLC who agreed to loan the amount of $202,000.00 to the Defendant. *See* Exhibit B.

41. As part of this contract and transaction, the Defendant, Thomas A. True, executed the Mortgage to secure the Note and the subject property. *See* Exhibit C.

42. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is the proper holder of the Note and successor-in-interest to Sidus Financial, LLC, and has performed its obligations under the Note and Mortgage.

43. The Defendant, Thomas A. True, breached the terms of the Note and Mortgage by failing to properly tender the December 1, 2009 payment and all subsequent payments. *See* Exhibit H.

44. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is the proper holder of the Note, and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendant, Thomas A. True.

45. The Defendant, Thomas A. True, having failed to comply with the terms of the Note and Mortgage, is in breach of contract.

46. The Defendant, Thomas A. True, is indebted to U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust in the sum of Three Hundred Forty-Two Thousand Nine Hundred Forty-Six and 32/100 ($342,946.32) Dollars, for money lent by the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, to the Defendant.

47. Defendant Thomas A. True's breach is knowing, willful, and continuing.

48. Defendant Thomas A. True's breach has caused Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

49. The total debt owed under the Note and Mortgage as of March 25, 2019, if no payments are made, is Three Hundred Forty-Two Thousand Nine Hundred Forty-Six and 32/100 ($342,946.32) Dollars, which includes:

| Description | Amount |
| --- | --- |
| Principal Balance | $200,466.90 |
| Interest | $105,986.73 |
| Escrow/Impound Required | $28,173.16 |
| Late Fees | $7,383.78 |
| Total Advances | $935.75 |
| Grand Total | $342,946.32 |

50. Injustice can only be avoided by awarding damages for the total amount owed under the Note and Mortgage, and for money had and received, including interest, plus costs and expenses, including attorney fees.

## COUNT IV – QUANTUM MERUIT

51. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, repeats and re-alleges paragraphs 1 through 50 as if fully set forth herein.

52. Sidus Financial, LLC, predecessor-in-interest to U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, loaned Defendant, Thomas A. True, $202,000.00. *See* Exhibit B.

53. The Defendant, Thomas A. True, is in default for failure to properly tender the December 1, 2009 payment and all subsequent payments. *See* Exhibit H.

54. As a result of the Defendant's failure to perform under the terms of their obligation, the Defendant, Thomas A. True, should be required to compensate the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust.

55. As such, the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is entitled to relief under the doctrine of *quantum meruit*.

## COUNT V – UNJUST ENRICHMENT

56. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, repeats and re-alleges paragraphs 1 through 55 as if fully set forth herein.

57. Sidus Financial, LLC, predecessor-in-interest to U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, loaned the Defendant, Thomas A. True, $202,000.00. *See* Exhibit B.

58. The Defendant, Thomas A. True, has failed to repay the loan obligation.

59. As a result, the Defendant, Thomas A. True, has been unjustly enriched to the detriment of the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust as successor-in-interest to Sidus Financial, LLC by having received the aforesaid benefits and money and not repaying said benefits and money.

60. As such, the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is entitled to relief.

## PRAYERS FOR RELIEF

WHEREFORE, the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, prays this Honorable Court:

a) Issue a judgment of foreclosure in conformity with Title 14 § 6322;

b) Grant possession to the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, upon the expiration of the period of redemption;

c) Find that the Defendant, Thomas A. True, is in breach of the Note by failing to make payment due as of December 1, 2009, and all subsequent payments;

d) Find that the Defendant, Thomas A. True, is in breach of the Mortgage by failing to make payment due as of December 1, 2009, and all subsequent payments;

e) Find that the Defendant, Thomas A. True, entered into a contract for a sum certain in exchange for a security interest in the subject property;

f) Find that the Defendant, Thomas A. True, is in breach of contract by failing to comply with the terms and conditions of the Note and Mortgage by failing to make the payment due December 1, 2009 and all subsequent payments;

g) Find that the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is entitled to enforce the terms and conditions of the Note and Mortgage;

h) Find that by virtue of the money retained by the Defendant, Thomas A. True has been unjustly enriched at the Plaintiff's expense;

i) Find that such unjust enrichment entitles the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, to restitution;

j) Find that the Defendant, Thomas A. True, is liable to the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, for money had and received;

k) Find that the Defendant, Thomas A. True, is liable to the Plaintiff for quantum meruit;

l) Find that the Defendant, Thomas A. True, has appreciated and retained the benefit of the Mortgage and the subject property;

m) Find that it would be inequitable for the Defendant, Thomas A. True, to continue to appreciate and retain the benefit of the Mortgage, Note and subject property without recompensing the appropriate value;

n) Find that the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is entitled to restitution for this benefit from the Defendant, Thomas A. True;

o) Determine the amount due on said Mortgage and Note, including principal, interest, reasonable attorney's fees and court costs;

p) Additionally, issue a money judgment against the Defendant, Thomas A. True, and in favor of the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, in the amount of Three Hundred Forty-Two Thousand Nine Hundred Forty-Six and 32/100 ($342,946.32 Dollars, the total debt owed under the Note plus interest and costs including attorney's fees and costs;

q) For such other and further relief as this Honorable Court deems just and equitable.

Respectfully Submitted,
U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust,
By its attorneys,

Dated: March 8, 2019

/s/ John A. Doonan, Esq.
John A. Doonan, Esq., Bar No. 3250
Reneau J. Longoria, Esq., Bar No. 5746
Attorneys for Plaintiff
Doonan, Graves & Longoria, LLC
100 Cummings Center, Suite 225D
Beverly, MA 01915
(978) 921-2670